CINTRÓN & ABOY, PLAINTIFFS, RESPONDENTS AND APPELLANTS, *v.* SOLÁ, DEFENDANT, APPELLANT AND RESPONDENT.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 1106.—Decided April 6, 1915.

SOLIDARY DEBTORS—PROMISSORY NOTE—INTENTION—CONTRACT.—In this case the promissory note reads: "We promise to pay, jointly and severally, to Antonio María Sorba, or his order, etc.," and is signed by Solá & Son and Celestino Solá. *Held:* That the intention of the contracting parties, which must serve as a guide in fixing the extent of the stipulations agreed upon, is indicated plainly by the wording of the note, a mere perusal of which shows that although the evidence was to the effect that the debt was contracted for the exclusive benefit of one of the subscribers, Solá & Son, Solá & Son and Celestino Solá acknowledged themselves to be principal debtors of Antonio María Sorba and bound themselves *in solidum.*

ID.—PRIVATE CONTRACT—PUBLIC INSTRUMENT.—When the genuineness of a private contract is not impeached it must be admitted, pursuant to section 119 of the Code of Civil Procedure, and, being genuine, it has the same value as a public instrument between the parties to it and their successors in interest, according to section 1193 of the Civil Code.

ID.—NOVATION—EXTENSION OF TIME.—An extension of time granted by the creditor to one of the solidary debtors cannot be regarded as a novation extinguishing the obligation when there is no change of the subject-matter or principal conditions of the obligation and the debtors are not substituted by another.

ID.—ACTION.—Section 1111 of the Civil Code provides that a creditor may sue any one of the solidary debtors or all of them together.

ID.—DEMURRER—INDORSEMENT—CAUSE OF ACTION—COMMISSION TO COLLECT—ASSIGNMENT.—It having been pleaded that the facts alleged in the complaint did not constitute a cause of action on the ground that the undated indorsement can be considered only as a commission to collect, the plaintiffs not being the owners of the note but merely assignees subrogated to the assignor, it was held that whether the indorsement be considered as a commission to collect or as an assignment, a cause of action existed.

DEFAULT—DEMAND.—Section 1067 of the Civil Code provides that a demand by the creditor is not necessary to create default when the obligation provides for it expressly.

ID.—COMMERCIAL LOAN—INTEREST.—Article 316 of the Code of Commerce is applicable to commercial loans and provides that debtors who do not pay their debts when due must pay the interest agreed on, or the lawful interest if there is no agreement, from the day following the date of maturity.

COSTS—DISBURSEMENTS—ATTORNEY FEES—AGREEMENT.—When there is an agreement between the parties the matter of costs, disbursements and attorney fees should be governed by the agreement and not by the provisions of the

Code of Civil Procedure, for section 1058 of the Civil Code provides that obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the plaintiff.

*Mr. C. B. Buitrago* for the defendant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action brought by the commercial partnership of Cintrón & Aboy against Celestino Solá in the District Court of Humacao to recover the amount due on a promissory note.

The promissory note in question, which both parties admit to be genuine and which is transcribed in the complaint filed on August 17, 1912, reads as follows:

"$6,000 U. S. Cy.    Due March 30, 1911.    We promise to pay, jointly and severally, to Antonio María Sorba, or to his order, on March 30, 1911, the sum of six thousand dollars ($6,000) American gold, for value received to our entire satisfaction, and will deliver to him the said amount upon maturity on the said date. In case of default the said sum shall bear interest at the rate of 12 per cent per annum. We expressly submit ourselves to the insular courts of competent jurisdiction and bind ourselves to pay such costs and disbursements as may arise from proceedings to recover the said amount, including the fees of the attorney employed by the creditor to bring the action.

"Caguas, May 31, 1910.    (Signed) Solá & Son.    (Signed) Celestino Solá. Pay to the order of Mateo Rucabado for value received. San Juan, Porto Rico, June 4, 1912.    (Signed) Antonio M. Sorba. Pay to the order of Cintrón & Aboy for value received.    (Signed) Mateo Rucabado."

As fundamental facts of the complaint the plaintiffs allege that on May 31, 1910, Solá & Son and defendant Celestino Solá made an agreement with Antonio María Sorba by which they jointly and severally bound themselves, conformable to the conditions detailed in the above note, to pay to Sorba the sum of $6,000, with interest; that as shown by the

said note, it was indorsed by Sorba to Mateo Rucabado and by Rucabado to Cintrón & Aboy, the plaintiffs; that the principal and interest of the debt have not been paid by either of the two solidary debtors notwithstanding the demands made upon them therefor; that at the stipulated rate of 12 per cent per annum the interest due from March 30, 1911, when the obligation matured, to July 31, 1912, amounted to $960, and a further sum of $60 becomes due for interest each month from August 30, 1912, to the date of payment.

The complaint concludes with the prayer that the defendant be adjudged to pay to the plaintiff firm the sum of $6,000 as principal and $960 as interest due to July 31, 1912, and further interest accruing at the rate of $60 per month from August 31, 1912, to the date of payment, together with the costs and disbursements, and $500 for fees of plaintiffs' attorney.

In answering the complaint the defendant alleges that although he signed the note he took no part in the negotiations which originated it, they having been agreed upon by Solá & Son and Antonio María Sorba alone for the exclusive benefit of Solá & Son, at whose request, through their manager, Marcelino Solá Rodríguez, he signed the note; that the firm of Solá & Son was dissolved on July 8, 1911, and Antonio María Sorba, after that date and without the participation or knowledge of the defendant, entered into an agreement with manager Marcelino Solá Rodríguez by which the interest agreed upon between them was paid and the note was renewed for a fixed time; that there existed in the town of Caguas a commercial partnership known as Solá & Son, Limited, which had no legal connection with the dissolved firm of Solá & Son, and Sorba entered into a new agreement with Marcelino Solá, manager of Solá & Son, Limited, renewing the note in the absence and without the knowledge of defendant Celestino Solá, it being thus admitted that the firm of Solá & Son, Limited, was liable for the payment of the $6,000, the amount of the promissory note; that by reason of a peti-

tion filed by their manager, Marcelino Solá Rodríguez, Solá & Son, Limited, were declared bankrupt on May 17, 1912, by the District Court of the United States for Porto Rico and in the schedules filed Sorba appears as creditor for the $6,000 which is now sued for; that Sorba had admitted that the firm of Solá & Son was substituted by that of Solá & Son, Limited, for on June 3, 1912, or the day before the indorsement of the promissory note, he made an affidavit before Notary Carlos B. Buitrago in order to file and prove his claim in the bankruptcy proceedings of Solá & Son, Limited, averring that the said bankrupt firm owed him $8,000 on two promissory notes, one of which was for $6,000 and is the one now sued upon, and that the said note is commercial paper and was indorsed after maturity.

After a trial the lower court found that the sum of $6,000 secured by the note was lent by Sorba to the commercial partnership of Solá & Son for the benefit of that firm; that Marcelino Solá signed the note as solidary surety; that when the note fell due Marcelino Solá, as a member of the firm of Solá & Son, applied for and obtained from the creditor a renewal of the same without the knowledge or consent of the defendant, but giving the creditor to understand that the same surety would continue; that when payment was demanded of Marcelino Solá he answered that he was under no obligation to pay it, and that the firm of Solá & Son was adjudged bankrupt and neither the defendant nor any other person had paid the amount of the note, but Solá & Son had paid the sum of $600 as interest due thereon.

Based on said findings of fact and holding that sections 1111 and 1723 of the Civil Code were applicable to the case, the court rendered judgment on July 31, 1913, in favor of the firm of Cintrón & Aboy for the recovery from the defendant of the sum of $6,000, the amount of the note, together with interest at 12 per cent per annum from the date of the filing of the complaint, without special imposition of costs.

Both parties appealed from the said judgment; the de-

fendant from the whole of it and the plaintiffs from its fail-
ure to order the defendant to pay interest on the note from
March 30, 1911, when it became due, and the costs and attor-
ney's fees.

The defendant alleges the following grounds of appeal:

"1. That the court committed error in not holding that the renew-
als granted by creditor Sorba, first to Solá & Son and then to Solá
& Son, Limited, extinguished the subsidiary liability of surety Celes-
tino Solá, it being a solidary surety.

"2. That the court committed error in not holding that the note
on which the action was brought had been novated by the acts of
creditor Sorba.

"3. That the court committed error in finding that in grant-
ing the renewal without the participation of the defendant the cred-
itor understood that the same surety would continue."

. He also alleged that the complaint does not state facts
sufficient to constitute a cause of action, inasmuch as the
indorsement, without date, can be regarded only as a mere
commission to collect, and such being the case, Cintrón &
Aboy are not the owners of the note; but even if so, they
would be only simple assignees subrogated to the assignor,
who in turn was subrogated to the creditor, the acts of cred-
itor Sorba thus prejudicing the rights of the plaintiffs.

Before considering the grounds of the appeal it is nec-
essary to ascertain whether Celestino Solá is a solidary
debtor with Solá & Son or a surety of Solá & Son.

In the note sued upon both Solá & Son and Celestino Solá,
the defendant, are direct and principal debtors who say, "We
promise to pay, jointly and severally, to Antonio María
Sorba, or to his order," etc. In fixing the scope of the stipu-
lations agreed upon we must be guided by the intention of
the contracting parties and that intention is plainly shown
in the note beyond the least shadow of doubt, for a mere
perusal thereof establishes the fact that both Solá & Son
and Celestino Solá acknowledged themselves to be principal
debtors of Antonio María Sorba and bound themselves *in*

*solidum.* The genuineness of the note has not been impeached and must be admitted, pursuant to section 119 of the Code of Civil Procedure; and being genuine, according to section 1193 of the Civil Code, it has the same force as a public instrument between those who may have signed it or their successors in interest.

And it cannot be contended that the evidence introduced at the trial shows that the debt was contracted for the sole benefit of Solá & Son and that the defendant was only surety for the fulfilment of the obligation, for even if true, the fact would remain that Celestino Solá, without profiting by the money received on the note and without actually being a debtor, was willing to assume that character when he signed the note as solidary debtor in order that Solá & Son might secure the money from Sorba, who would not have lent it except under that condition. That Celestino Solá did not profit by the loan is immaterial; he agreed to be a solidary debtor in order to accommodate Solá & Son and that agreement was expressed in the promissory note when the defendant signed it as solidary debtor. The law of the contract was established in the note as the last expression of the intention of the parties and Celestino Solá must submit to it.

Under the theory which we have set forth the conclusion is reached that defendant Celestino Solá is not the surety of Solá & Son, but a solidary debtor of Antonio María Sorba jointly with Solá & Son. This being the case, the first ground of the appeal, based on section 1752 of the Civil Code which provides that the extension granted to the debtor by the creditor without the consent of the surety extinguishes the security, is without merit, therefore it is unnecessary to discuss the question argued at length by both parties as to whether the said section is applicable as well to simple or common surety as to solidary surety.

As regards the second ground of appeal, it must be stated that, according to counsel for Celestino Solá, the acts performed by creditor Sorba which determine the novation of

the obligation consisted in the signing by Sorba, the first payee of the note, of an affidavit in English under the title of the case of Solá & Son, Limited, in bankruptcy, pending in the Federal Court, before Notary Buitrago on June 3, 1912, and in that affidavit Sorba avers that the said bankrupt firm owed him $8,000 on two notes, one for $6,000 and another for $2,000, due respectively in March, 1911, and April of the same year; and he stated further that he had not told any one that he had received security for the debt.

As to the affidavit, Sorba states under oath that he made it on the advice of Marcelino Solá; that Marcelino Solá employed Attorney Buitrago; that he signed the affidavit without reading it, as he does not understand English, and that he did not use the same in the Federal Court but filed another affidavit which he made before Notary Soto Gras.

In view of the affidavit of Sorba and of his explanations, Celestino Sola's contention that debtor Solá & Son was substituted by another debtor, namely, Solá & Son, Limited, cannot be sustained.

The third assignment of error need not be considered as it is based on the supposition that the obligation is a guaranty or surety given by the defendant and not a solidary debt. But the fact is that the said error does not exist, for appellant Celestino Solá himself admits that Antonio María Sorba stated that he granted Solá & Son the extension of time in the belief that Celestino Solá would continue as surety.

This being a case of a solidary obligation, sections 1110, 1111 and 1112 of the Civil Code are applicable and their pertinent parts read as follows:

"Section 1110.—Novation, compensation, confusion, or remission, of the debt, made by any of the joint creditors, or with any of the debtors of the same class, extinguishes the obligation.   *   *   *

"Section 1111.—A creditor may sue any of the joint debtors or all of them simultaneously.   *   *   *

"Section 1112.—The payment made by any of the joint debtors extinguishes the obligation."

Plaintiffs Cintrón & Aboy, the indorsees of the promissory note under consideration, have exercised the right given them by section 1111 in bringing their action against one of the solidary debtors, Celestino Solá. The obligation had not been extinguished in any of the ways prescribed by said sections 1110 and 1112. As to the extension of time granted by Sorba to Solá & Son, it cannot be regarded as a novation extinguishing the obligation, for there was no change of subject-matter or principal conditions; and as to novation consisting in the substitution of one debtor for another, there is no evidence of such substitution.

The plea made before this court that the facts alleged in the complaint do not constitute a cause of action falls of its own weight, for whether the indorsement to Cintrón & Aboy be considered as a commission to collect or whether they be regarded as Sorba's assignees, they may exercise the same rights as he had, including the right to sue on the note, as they are doing. A cause of action exists.

Having considered the grounds of the appeal taken by defendant Celestino Solá, we will now consider the appeal taken by the plaintiffs.

The object of the said appeal is to obtain a modification of the judgment to the effect that the defendant be adjudged to pay to the plaintiffs the $6,000 as principal due on the promissory note, together with interest thereon at 12 per cent per annum from January 1, 1912, to the date of payment, and the costs, disbursements and attorney's fees.

Let us examine the provisions of the Civil Code pertinent to the case as embodied in sections 1067, 1068 and 1075, as follows:

"Section 1067.—Persons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfilment of their obligation, judicially or extrajudicially.

"However, the demand of the creditor, in order that default may exist, shall not be necessary—

"1. If the obligation or law declares it expressly.

\*      \*      \*      \*      \*      \*      \*

"Section 1068.—Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.

"Section 1075.—Should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest."

As is shown by the note under consideration, on May 31, 1910, Solá & Son and Celestino Solá bound themselves *in solidum* to pay to Antonio María Sorba, or to his order, on March 30, 1911, the sum of $6,000, which sum, in case of default, was to bear interest at the rate of 12 per cent per annum, and further agreed to pay such costs and disbursements as might arise from proceedings to recover the said amount, including the fees of the attorney employed by the holder to bring the action.

As will be seen, the law of the contract was that in case of default in payment the solidary debtors were to pay interest at 12 per cent per annum and the costs, disbursements and attorney's fees in case of legal proceedings.

From the evidence introduced at the trial—that is, the testimony of Antonio María Sorba and Marcelino Solá, manager of the firm of Solá & Son—it appears that both agreed to renew the note for a year and that the interest due was paid up to December, 1911, thus leaving owing the interest accruing from January 1, 1912.

The lower court erred by improperly applying section 1067 of the Civil Code and decreeing in its judgment that the interest should be paid from the date of the filing of the complaint, holding that since then only was the defendant

in default,—that is, from the time he was sued on the note,—for that same section provides that demand need not be made by the creditor in order to establish-default when the obligation fixes it expressly, as it does in the present case where it is expressly stipulated that the amount due shall bear interest at 12 per cent in case of default in its payment.

Moreover, this being a case of a commercial loan, as the defendant himself admits, article 316 of the Code of Commerce is applicable and provides that debtors who delay the payment of their debts after the same have fallen due must pay, from the day following that on which it became due, the interest agreed upon in such case, or, in the absence of such agreement, the legal interest.

Therefore the solidary debtor, Marcelino Solá, is under obligation to pay the interest due and unpaid since January 1, 1912, according to the provisions of both the Civil Code and the Code of Commerce.

Respecting the imposition of costs, disbursements and attorney's fees, this is not a matter which can be governed in the present case by the provisions of the Code of Civil Procedure as amended by the Acts of March 1, 1905, and March 12, 1908, for it should be governed by the law of the contract as set out in the promissory note, whereby the solidary debtor, Marcelino Solá, bound himself to pay such costs and disbursements as might arise from proceedings to collect the debt, including the fees of the attorney employed by the creditor to bring the action.

Section 1058 of the Civil Code provides that obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations.

For the foregoing reasons we are of the opinion that the judgment appealed from should be affirmed in so far as it decrees that the plaintiff firm, Cintrón & Aboy, shall re-

cover the sum of $6,000 from defendant Celestino Solá and be modified in so far as it decrees the payment of interest on the said sum at the rate of 12 per cent per annum from the date of the filing of the complaint, without special imposition of costs; our judgment in lieu thereof being that plaintiffs Cintrón & Aboy have and recover of Celestino Solá interest at 12 per cent per annum from January 1, 1912, together with the costs, disbursements and fees of the attorney for the plaintiffs in the lower court.

> *Judgment affirmed but modified as to interest, costs, disbursements and attorney fees.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.